# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

FILED
DISTRICT COURT
SOUTHERN DIVISION

09 MAR 16  PM 3: 53

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| Amy Rivers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Creditors Interchange Receivable | ) | |
| Management, LLC,  a Delaware | ) | |
| limited liability company, and LVNV | ) | **1 : 09 -cv- 0321 SEB -JMS** |
| Funding, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Amy Rivers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.      Plaintiff, Amy Rivers ("Rivers"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a

delinquent consumer debt allegedly owed originally to GE Capital, but now owed to LVNV Funding, LLC.

4.       Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Defendant CIRM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Rivers.

5.       Defendant, LVNV Funding, LLC, is a Delaware limited liability company ("LVNV"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Rivers.

6.       Defendant LVNV is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection agencies, like Defendant CIRM.  The debts LVNV buys are often so old that they are beyond the statute of limitations, and LVNV often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

## FACTUAL ALLEGATIONS

7.      At some point in time, Defendant LVNV bought Ms. Rivers' GE Capital debt from GE Capital for pennies on the dollar, and thereafter referred this matter to Defendant CIRM for collection.

8.      Defendants sent Ms. Rivers an initial collection letter, dated February 13, 2009, demanding payment of the debt she allegedly owed originally to GE Capital, but now allegedly owed to Defendant LVNV.  A copy of this letter is attached as Exhibit A.

9.      Before expiration of the 30-day validation period, Defendants called Ms. Rivers on March 12, 2009 to demand payment of the debt.  Specifically, one of Defendant CIRM's debt collectors, "Patrick", called Ms. Rivers and left a message on her cell phone which stated that he was calling from "CI's Legal Office".  Additionally, in that message Patrick referred to a summons and complaint that either was going to be sent to local authorities or had already been referred to local authorities.  Defendant's debt collector, Patrick, also stated that Ms. Rivers must call him by the end of that business day to resolve the matter or further costs/charges/fees would be assessed.

10.      Defendants' threats to Ms. Rivers greatly upset her and caused her to hire an attorney to protect her from Defendants' threats.

11.      In fact, no lawsuit had been filed against Ms. Rivers, nor was one imminent.

12.      All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

13.      Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

3

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt.  Defendants violated § 1692e of the FDCPA by making numerous false statements to Plaintiff, including, but not limited to: falsely claiming in their message to Ms. Rivers that a summons and complaint had either been, or was going to be, sent to local authorities.

16.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692g Of The FDCPA --
### Overshadowing the 30-Day Validation

17.     Plaintiff adopts and realleges ¶¶ 1-13.

18.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it.

19.     Defendants violated this provision by threatening Plaintiff with some form of litigation, and stating that the matter had been already sent, or was going to be sent, to local authorities, and demanding that she resolve/pay the debt immediately -- well

before expiration of the 30-day dispute period.  These statements would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the consumer must act before expiration of the 30-day validation period, or whether they have the full 30 days to dispute the validity of the alleged debt.  Defendants' telephone call thus violates § 1692g of the FDCPA. See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); see also, § 1692g(b).

20.     Defendants' violation of § 1692g of the FDCPA renders them liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21.     Plaintiff adopts and realleges ¶¶ 1-13.

22.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendants, by referring to a summons and complaint in their message that had been, or was going to be, sent to local authorities, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23.     Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Amy Rivers, prays that this Court:

5

1.    Declare that Defendants' debt collection practices violated the FDCPA;

2.    Enter judgment in favor of Ms. Rivers, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Amy Rivers, demands trial by jury.

Amy Rivers,

By: _____
One of Plaintiff's Attorneys

Dated: March 16, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com